SAN MIGUEL *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 118.—Resuelto en junio 13, 1912.

SOCIEDAD MERCANTIL—PRÓRROGA DEL CONTRATO SOCIAL—RESPONSABILIDAD DE LOS SOCIOS POR CONTRATOS HECHOS CON TERCEROS.—Habiendo sido convenido entre los socios de una sociedad mercantil, con anterioridad al vencimiento del contrato social, el prorrogar dicho contrato, y habiéndose otorgado la escritura de prórroga de la sociedad con posterioridad a la fecha en que venció el contrato social, los socios gestores de dicha sociedad son responsables solidariamente para con las personas extrañas a la sociedad por los actos y contratos otorgados por dichos socios a favor de tercero, y tales actos y contratos, aun cuando la sociedad mercantil no tuviera existencia legal cuando se otorgaron, son eficaces contra los socios y a favor de los terceros con quienes se contrató

CANCELACIÓN DE HIPOTECA—ESCRITURA DE CANCELACIÓN OTORGADA POR UNA SOCIEDAD MERCANTIL DESPUÉS DEL VENCIMIENTO DEL CONTRATO SOCIAL.—Habiendo sido inscritas en el Registro de la Propiedad las hipotecas cuya cancelación es objeto del presente recurso, no cabe discutir gubernativamente la validez o nulidad de esas inscripciones, lo cual es de la exclusiva competencia de los tribunales de justicia, y habiendo la sociedad mercantil, a favor de quien aparecen inscritas las hipotecas, otorgado la correspondiente escritura de cancelación a favor del dueño de las casas gravadas, procede la inscripción de dicha cancelación aun cuando la escritura de cancelación se haya otorgado después de vencido el contrato social.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Enrique Márquez Huertas.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 9 de abril de 1912, la sociedad mercantil "Sucesores de San Miguel Hermanos," por medio de su gestor Don Ramón Cobián Rodríguez, otorgó a favor de Don Jenaro San Miguel y Sierra carta de pago y cancelación

de dos hipotecas que Don Eloy Agudo Centeno había constituído sobre una casa de su propiedad número 35 de la calle del Sol de esta ciudad, la que con dichos gravámenes pasó por título de compraventa a Don Jenaro San Miguel y Sierra. La primera de esas hipotecas fué establecida en 14 de agosto de 1911 para garantir préstamo de once mil dollars y 1,500 más por intereses y costas, habiendo sido ampliada en 22 de septiembre siguiente a mil dollars más en concepto de préstamo y cien dollars por intereses y costas, y la segunda se constituyó en 10 de noviembre del propio año por la suma de mil dollars como préstamo y trescientos dollars por intereses y costas.

Presentada en el Registro de la Propiedad de San Juan, Sección 1ª., la escritura de que se deja hecho mérito con la de constitución y prórroga de la sociedad acreedora para la cancelación de ambas hipotecas, el registrador la denegó por medio de la siguiente nota:

"Denegada la cancelación solicitada con vista de las escrituras de constitución y de prórroga de la sociedad acreedora, porque el término por el cual se constituyó dicha Sociedad venció el día quince de septiembre de mil novecientos once y fué prorrogada por escritura de veinte y cinco del mismo mes, o sea con fecha posterior a su vencimiento en contravención al artículo 223 del Código de Comercio en armonía con el 119 del mismo, por lo cual dicha sociedad prorrogada no continúa la personalidad jurídica de la anterior; y se ha extendido anotación preventiva por cuatro meses al folio 17 vuelto, tomo 77 de esta ciudad, finca 1633 duplicado, anotación letra G. San Juan, abril 20 de 1912. José S. Belaval, Registrador."

Dicha nota ha sido recurrida por Don Jenaro San Miguel y es la materia del recurso que nos toca considerar y resolver.

De la escritura de modificación y prórroga de contrato de sociedad mercantil otorgada en 25 de septiembre de 1911 resulta:

1º. Que por escritura pública de 7 de diciembre de 1907, inscrita en el registro mercantil, se constituyó la sociedad mercantil "Sucesores de San Miguel Hermanos" por término

de cuatro años, que empezarían a contarse desde el 15 de septiembre del año expresado, retrotrayéndose a esa fecha los efectos de tal documento;

2º. Que por la escritura pública de 25 de septiembre de 1911 también inscrita en el registro mercantil, fué modificado y prorrogado el contrato de sociedad mercantil constatado en la escritura de 7 de diciembre de 1907, por cuatro años más a contar desde el día diez del propio mes de septiembre en que así se había convenido, a cuya fecha debían retrotraerse todos los efectos de la modificación y prórroga de dicho contrato.

Ante esos hechos hemos de aceptar que el término por el cual se constituyó la sociedad mercantil "Sucesores de San Miguel Hermanos" vencía en 15 de septiembre de 1911, y que con fecha posterior a su vencimiento, o sea en 25 del propio septiembre se escrituró la prórroga de dicha sociedad, según había sido convenido desde el día diez por los socios; pero si con ello fueron infringidos los artículos 119 y 223 del Código de Comercio que invoca el registrador para denegar la cancelación solicitada, esa infracción no hace irresponsables a los encargados de la gestión social de San Miguel Hermanos por los contratos celebrados con personas extrañas a la compañía, pues el artículo 120 del mismo Código preceptúa que los encargados de la gestión social que contravinieren a lo dispuesto en el artículo anterior (119) serán solidariamente responsables para con las personas extrañas a la compañía con quienes hubieren contratado en nombre de la misma.

Conforme con el anterior precepto, resolvió el Tribunal Supremo de España en sentencia de 6 de diciembre de 1887, que aun cuando una sociedad mercantil no haya tenido existencia legal, los actos y contratos que con tal carácter realizan los socios son eficaces contra los mismos en favor de los terceros con quienes han contratado.

Aun más, las hipotecas de cuya cancelación se trata, fueron inscritas en el registro de la propiedad, y no cabe discutir gubernativamente la validez o nulidad de esas inscripciones por haber quedado bajo la salvaguardia de los tribunales de

justicia, únicos que pueden decretar su nulidad en el juicio correspondiente, debiendo tomarse esas inscripciones en el presente recurso como punto de partida para la resolución que ha de dictarse.

Véanse las resoluciones de la Dirección General de los Registros de España de 15 de junio de 1884, 19 de noviembre de 1885 y 21 de junio de 1891.

Siendo ello así, inscritas como han sido en el registro las escrituras de constitución de hipoteca por Don Eloy Agudo Centeno a favor de "Sucesores de San Miguel Hermanos," siendo dueño Don Jenaro San Miguel de la casa gravada por las hipotecas, y habiéndose otorgado por la referida sociedad, que como acreedora aparece en el registro, carta de pago y cancelación de hipotecas a favor del deudor hipotecario Don Jenaro San Miguel, no cabe negar bajo concepto alguno la cancelación pretendida.

Por las razones expuestas debe revocarse la nota recurrida y ordenarse al registrador lleve a cabo la cancelación solicitada.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.